RIVERA Y COMPAÑÍA, demandante y apelante, *v.* THE LONDON ASSURANCE CORPORATION, demandada y apelada.

No. 3491.—*Visto:* Marzo 13, 1925. *Resuelto:* Junio 4, 1925.

APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHOS, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LA PRUEBA.—Cuando a prueba tiende a demostrar que unos bienes estaban asegurados por más de su valor, que las mercancías fueron fraudulentamente quemadas y que, contra varias señales de fraude que ella revela, sólo existe la declaración del socio gestor de la firma demandante a quien la corte inferior no creyó y tuvo motivos suficientes para no creer, no hay base para una revocación ni justificación alguna para apelar.

SENTENCIA de *Angel Acosta*, J. (Mayagüez), desestimando la demanda con costas. *Confirmada.*

*Angel A. Vázquez,* abogado de la apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En una acción sobre cobro de póliza de seguro de incendio la corte dictó sentencia a favor de la demandada. De

la opinión aparece que mercancías que fueron aseguradas en $4,000 tenían un valor de no más de $500; que el fuego fué un conato de incendio en el cual sólo se quemó una pequeña parte de la mercancía asegurada; que la reclamación de la demandante se fundaba en una declaración falsa con el fin de defraudar a la demandada; que como el fuego ocurrió en abril 30, 1922, la prueba de pérdidas, de acuerdo con los términos de la póliza, debió haberse presentado dentro de los quince días subsiguientes, y que el fuego fué de naturaleza fraudulenta.

En oposición a estas conclusiones, en tanto envuelven hechos, sólo existe la declaración del socio gestor de la demandante, que trató de demostrar que al momento de ocurrir el fuego el establecimiento contenía mercancías por más de $500. Se refirió especialmente a cien cajas de chocolate valoradas, según él, en $5,280. Convenimos con la corte en que la prueba acreditó que prácticamente nada fué quemado, especialmente no habiendo podido la demandante probar el origen de estas cajas de chocolate o de quién las compró. La prueba de aquellos que entraron en el establecimiento inmediatamente, tendió a establecer que sólo poco se había destruído y hubo señales de un incendio premeditado. Hubo algunas otras señales de fraude reveladas por la prueba y la opinión de la corte.

En los autos nada encontramos que contradiga las conclusiones de la corte y como la prueba de fraude fué tan robusta creemos que es innecesario considerar si la prueba de pérdidas fué presentada a tiempo. Esta era una cuestión acerca de la cual no hay señalamiento de error.

*No hubo justificación alguna para esta apelación y debe confirmarse la sentencia apelada.*